IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGOSTINELLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action 98-217 GMS |
| ) | |
| CHRISTIANA HEALTHCARE ) | |
| SYSTEMS ) | |
| ) | |
| Defendant's. ) | |
| ) | |

**Clerk's Taxation of Costs**

Pending before the Court is a Bill of Cost filed by Defendant Christiana Healthcare Systems ("Christiana") in accordance with District of Delaware Local Rule 54.1 ("Local Rule")  The Clerk's authority to tax costs is founded in Federal Rule of Civil Procedure 54(d). ("Fed. R. Civ. Proc.")

A jury trial was held from April 28, 2004 through April 30th, 2004 and produced a verdict in favor of Christiana on April 30, 2004. (DI 133) No appeal was filed in the case. It is undisputed that Christiana is the prevailing party in the case and is entitled to costs pursuant to LR 54.1(a)(1).  Christiana filed a Bill of Costs on June 8, 2004.  A response by Agostinelli to the Bill of Cost followed on June 23, 2004 in accordance with LR 54.1(a)(3)**.** The Clerk finds that all filings associated with the Bills of Cost were timely under LR 54.1(a)(1) and (3) and Fed. R. Civ. Proc. 6 and will tax costs accordingly.

Wherefore the Clerk has considered the submissions of both parties, it is ORDERED that;

I. Christiana's request for service of summons and subpoena are denied.

    A. Christiana seeks to recover $442.44 in costs associated with the service of 4 subpoenas from January 1, 1999 to February 10, 1999. The defendant cites 28 U.S.C. § 1920(3) as authority for these costs.

    B. Agostinelli objects to these costs because the subpoenas were not used to require an appearance at trial and for being excessive in nature.

    C. The statute cited by Christiana does not specifically include the costs requested. Title 28 U.S.C. § 1920(3) states that the clerk *may* tax costs for "Fees and disbursements for printing and witnesses." Further, there is no provision in the Local Rules which specifically address the recovery of service costs for summons or subpoenas. Local Rule 54.1(b)(10) does allow for the recovery of costs not specifically mentioned as taxable by the Clerk so long as a statute or binding court decision is provided.

    Here, Christiana has provided a statute, 28 U.S.C. § 1920(3), in order to meet the requirements of LR 54.1(b)(10) and recover the costs of service of the summons and subpoenas. However, given the uncertain reach of 28 U.S.C. § 1920(3), and the objection of Agostinelli to the costs, these costs are denied by the Clerk. Further analysis of these costs are subject to judicial determination.

II. Christiana's request for court reporter fees for transcripts of depositions and trial are denied.

    A. Christiana is requesting a total of $4,499.20 for the costs associated in taking several depositions during the pendency of the civil action as well as for the transcript of

the trial. Defendant cites 28 U.S.C. § 1920(2) and (3) as authority for these costs.

  B. Agostinelli objects to the recovery of both the depositions as well as the trial transcript requested by Christiana as they do not meet the requirements of the Local Rules. Plaintiff states that "None of the depositions referenced . . . were admitted into evidence " as required by LR 54.1(b)(2). Further, regarding the recovery of two trial transcripts sought by Christiana, "neither transcript was requested by the Court or prepared pursuant to a stipulation," as required by LR 54.1(b)(2). Thus, Agostinelli argues, these costs should be denied.

  C. The recovery of court reporter fees associated with depositions and transcripts are generally allowed under 28 U.S.C. § 1920(2). The Local Rules further proscribe the requirements which must be met in order to recover costs for depositions and transcripts. These requirements and their application to the present bill of costs are described below.

  1. <u>Trial Transcripts</u>: Local Rule 54.1(b)(2), "Fees Incident to Transcripts", governs the awarding of fees related to trial transcripts. The rule states in part, "The cost of the originals of a trial transcript, . . . is taxable, when either requested by the Court, or prepared pursuant to stipulation".

  Christiana has requested a total of $680.90 for the transcripts of a telephone conference on 2/10/04 as well as for the trial transcript of 4/28/04. No further justification is given by Christiana regarding the awarding of these costs. It has not been shown to the Clerk that these costs were "either requested by the Court, or prepared pursuant to stipulation" as required by the Local Rules. Thus, these costs are denied.

2. <u>Depositions</u>: Local Rule 54.1(b)(3), "Deposition Costs", controls the awarding of costs associated with depositions. The rule allows for the original of a deposition to be taxable "only where a substantial portion of the deposition is admitted into evidence at trial or otherwise used in the resolution of a material issue in the case." LR 54.1 (b)(3)

Christiana has requested a total of $3,818.30 for the recovery of costs for 19 depositions taken between 12/1/98 and 4/23/04. Christiana does not show any evidence these depositions were originals, or if they were either "admitted into evidence at trial or otherwise used in the resolution of a material issue in the case." As the request by Christiana does not comport with the requirements of the Local Rules, the fees associated with the depositions are denied.

III. Christiana's request for witness fees are granted in part.

A. Defendant Christiana seeks costs taxed in the amount of $216.29 to cover the witness fees of 5 individuals for one day attendance at trial as well as for milage costs for two of the witnesses. These costs are requested under 28 U.S.C. § 1920(3).

B. Agostinelli objects to the recovery of any amount of witness fees over $200.00. The allowable witness fee is set by 28 U.S.C. § 1821 and is currently $40.00 per day. Five witnesses at $40.00 per day would equal only $200.00. As the additional $16.29 requested by Christiana is unjustified, Agostinelli argues this additional amount should be denied.

C. Title 28 U.S.C. § 1920(3) sets forth the general provision that the Clerk may tax as costs "Fees and disbursements for printing and witnesses." Local Rule

54.1(b)(4) provides further detail into the recovery of witness costs. As set by statute, 28 U.S.C. § 1821, the current recovery costs for witness fees are $40.00 per day and $.36 per mile for 100 miles each way.  (5 U.S.C. § 5704)

Christiana has requested the recovery of the witness fees for five persons each attending one day of trial.  As Agostinelli does not object to the awarding of these costs, the Clerk will tax a total of $200.00 to cover the $40.00 witness fees for Tom Karrenbauer, James Crouse, Greg Ziegler, Tim Constantine, and Pamela Gouge.

Christiana also requests mileage costs to be taxed in the amount of $5.85 for witness Crouse and $7.44 for witness Ziegler.  Despite the objections raised by Agostinelli, it is clear to the Clerk the nature of the items to be taxed as required by LR 54.1(a)(2).  The chart on page 2 of the Bill of Costs submitted by Christiana outlines all the requested witness fees and lists these costs under the heading "Mileage".  As the amounts fall within the maximum allowable amount for mileage fees under the statute, the Clerk will award the costs as requested.

The Clerk notes the total amount requested by Christiana for witness Gouge is $43.00.  As there is no explanation for where the $3.00 above the proscribed $40.00 per day witness fee was generated, the Clerk will deny this additional amount.

Thus, as described above, the Clerk will tax witness costs in the amount of $213.29.


IV.  Christiana's request for fees and disbursements for exemplification and copies of papers are denied.

    A. Christiana is requesting fees totaling $392.88 for the exemplification and

copying of three sets of documents listed on pages 2 and 3 of the attachment to the Bill of Costs. This request is made pursuant to 28 U.S.C. § 1920(4).

  B. Agostinelli contends that the requested fees are not taxable as they do not meet the requirements for recovery of copy fees set forth in LR 54.1(b)(5). Specifically, the listed documents were not admitted into evidence and are thus not taxable. Further, copies made for counsel's own use are not taxable and these costs should be disallowed.

  C. Title 28 U.S.C. § 1920(4) allows for the Clerk to tax as costs "Fees for exemplification and copies of papers necessarily obtained for use in the case." Local Rule 54.1(b)(5) provides substance to the federal statute and illustrates when these fees may be taxed by the Clerk of the Court. The rule reads in pertinent part, "The cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable. Cost of one copy of a document is taxable when admitted into evidence . . . The cost of copies obtained for counsel's own use is not taxable." LR 54.1(b)(5).

  From the list of documents provided, it appears Christiana is seeking to recover the cost of copying, in triplicate, most of the documents submitted by counsel during the civil action. None of the documents appear to be for "exhibits necessarily attached to a document" required to be served which would be recoverable under the Local Rule. Similarly, there is no showing by Christiana that the requested documents were "admitted into evidence". Instead, the list of documents appear to have been copied only for counsel's own use, which is not taxable under the Local Rule. As the claim for these costs is not substantiated further by statute or binding court decision under LR

54.1 (b)(10), the Clerk denies these costs.

The total costs hereby taxed in favor of Christiana and against Agostinelli, together with interest thereon at the applicable post-judgment rate specified in 28 U.S.C. § 1961 (as amended 1982), is as follows:

| | | |
|---|---|---|
| 1. | Service of Summons and Subpoena................ | DENIED |
| 2. | Court Reporter Fees | |
| | - Depositions........................... | DENIED |
| | - Transcripts........................... | DENIED |
| 3. | Witness Fees..................................... | $213.29 |
| 4. | Exemplification and Copies of Papers .............. | DENIED |
| | TOTAL | $213.29 |

Dated: April 4, 2005

Peter T. Dalleo, Clerk
U.S. District Court for the
District of Delaware

_____
By Brian T. Grace
        Deputy Clerk

cc:   The Honorable Gregory M. Sleet
      Peter T. Dalleo, Clerk
      Gary W. Aber, Esq.
      David H. Williams, Esq.